# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**February 23, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 17-0207** (Nicholas County 15-F-75)

**William Scott Bookheimer,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner William Scott Bookheimer, by counsel Clinton R. Bischoff, appeals the Circuit Court of Nicholas County's January 23, 2017, order sentencing him to not more than five years of incarceration following his guilty plea to felon in possession of a firearm. The State of West Virginia, by counsel Robert L. Hogan, filed a response. On appeal, petitioner argues that his plea was involuntary.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2015, petitioner was indicted on one count of felon in possession of a firearm. Following various delays, including several substitutions of counsel, the parties appeared for trial on November 15, 2016. Prior to opening statements, the parties announced that they had reached a plea agreement. Petitioner, who had two prior felonies, agreed to plead no contest to the felon in possession of a firearm charge in exchange for the State's agreement to stand silent at sentencing and not file a recidivist information. The circuit court, following a plea hearing, accepted petitioner's plea.

On December 29, 2016, the parties appeared before the circuit court for sentencing. Petitioner was sentenced to not more than five years of incarceration. The circuit court memorialized petitioner's sentence in its January 23, 2017, "Sentencing Order." It is from this order that petitioner appeals.

On appeal, petitioner argues that his plea was not voluntary due to the "tumultuous" nature of his relationship with his appointed counsel. Petitioner contends that he alerted the circuit court to the fact that counsel purportedly failed to investigate his case, prepare, and respond to petitioner; questioned petitioner's truthfulness; withheld documents and materials; and addressed him in a condescending tone. Petitioner further asserts that, when the parties

1

appeared for trial, his attorney represented to the circuit court that she would serve only as an advisor and that petitioner intended to represent himself.[1] Petitioner argues that his attorney's alleged incompetence made entering into a plea agreement with the State the only option, thereby rendering such plea involuntary. Finally, petitioner argues that he had a defense to his charge and, had counsel not acted incompetently, he would have proceeded to trial rather than enter into the plea agreement.

We have previously held that "[a] direct appeal from a criminal conviction based on a guilty plea will lie where an issue is raised as to the voluntariness of the guilty plea or the legality of the sentence." Syl. Pt. 1, *State v. Sims*, 162 W.Va. 212, 248 S.E.2d 834 (1978).

> The controlling test as to the voluntariness of a guilty plea, when it is attacked either on a direct appeal or in a habeas corpus proceeding on grounds that fall within those on which counsel might reasonably be expected to advise, is the competency of the advice given by counsel.

*Id.* at 212, 248 S.E.2d at 835, Syl. Pt. 2. Finally,

> [b]efore a guilty plea will be set aside based on the fact that the defendant was incompetently advised, it must be shown that (1) counsel did act incompetently; (2) the incompetency must relate to a matter which would have substantially affected the fact-finding process if the case had proceeded to trial; (3) the guilty plea must have been motivated by this error.

*Id.*, Syl. Pt. 3.

Upon review of the record below, we find no merit to petitioner's arguments on appeal. Although petitioner makes various assertions concerning his attorney's allegedly deficient representation, he offers no specifics to substantiate his accusations. Rather, the record reveals that petitioner asserted disagreements with several prior attorneys and otherwise attempted to prolong his case in an effort to avoid any resolution of it. Further, although petitioner's attorney appeared for trial and alerted the circuit court to the fact that, as far as she was aware, petitioner intended to represent himself, once petitioner indicated that he did, in fact, want an attorney, petitioner's counsel resumed her representation of him. Indeed, during petitioner's plea hearing, he expressed his satisfaction with counsel's representation. Petitioner stated that he was satisfied with counsel's advice concerning the plea agreement, that there was nothing she failed to do during her representation of him, that she did not do anything petitioner did not want her to do, and that he had no complaints whatsoever concerning her representation of him.

We similarly find no merit to petitioner's assertion that he had a defense to his charge and would have proceeded to trial if not for counsel's allegedly incompetent representation. While petitioner fails to articulate on appeal what his defense would have been, the record indicates that

---

[1]This assertion was based on his attorney's understanding of petitioner's wishes. Petitioner's counsel, however, was instructed by the circuit court to continue her representation of petitioner.

he intended to argue that someone drugged him, put him in a car with a gun on his person, and then pushed the car over a hill. At his plea hearing, petitioner admitted he had "no way of proving" this defense. In light of the fact that a conviction in this matter would have amounted to petitioner's third felony conviction, that the State would have been free to pursue a recidivist charge exposing petitioner to a life sentence, and that petitioner acknowledges that he had no way of proving his claimed defense, we find that his attorney did not act incompetently in recommending that petitioner enter into a plea agreement. We further find, and petitioner acknowledges, that the record reveals a plea colloquy sufficient to conclude that petitioner's plea was voluntary.

For the foregoing reasons, we affirm the circuit court's January 23, 2017, sentencing order.

Affirmed.

**ISSUED:** February 23, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker